In re Judith Anne CRAWFORD, Debtor.

HSBC Bank USA, as trustee for the registered holders of ACE Securities Corp., Appellant,

v.

Judith Anne Crawford, Appellee.

No. 08 Cv. 6617 (BSJ).

Chapter 13 Case No. 07–36853(cgm).

United States District Court, S.D. New York.

Aug. 6, 2012.

Arthur W.S. Duff, Brian P. Brooks, O'Melveny & Myers LLP, Washington, DC, for Appellant.

Michael David Pinsky, Hayward, Parker, O'Leary & Pinsky, Middletown, NY, for Debtor.

## Memorandum and Order

BARBARA S. JONES, District Judge.

Appellant HSBC Bank USA, as Trustee for the Registered Holders of ACE Securities Corp ("HSBC"), appeals from the Bankruptcy Court's June 5, 2008 decision finding that HSBC willfully violated the automatic stay imposed in connection with Appellee's, Judith Anne Crawford ("Debtor"), Chapter 13 bankruptcy petition and awarding Debtor actual and punitive damages for that violation. For the reasons that follow, the Court affirms the Bankruptcy Court's award of actual damages

and vacates and remands its punitive damages award.

## BACKGROUND

In July 2007, HSBC was awarded a Judgment of Foreclosure and Sale in connection with its mortgage on Debtor's property. After the initially scheduled foreclosure sale was cancelled, a subsequent sale was scheduled for November 27, 2007. Frank M. Mora, Esq. was appointed as the Referee ("Referee") to conduct the sale.

Debtor filed a petition for Chapter 13 Bankruptcy on November 26, 2007. On that same day, Debtor's husband faxed a copy of the petition to the Referee. However, a copy was not faxed on that date to HSBC; its servicer, Ocwen Loan Servicing ("Ocwen"); or the servicer's attorneys, Shapiro & DiCaro, LLP. (Bankr. Op. at 4–6.)[1]

The foreclosure sale proceeded on November 27. Thomas Didonato appeared at the sale to bid on behalf of HSBC.[2] (Bankr. Op. at 4–6.) At the sale, and in the presence of Didonato and Debtor's husband, the Referee referenced the petition and stated that, although the sale would go forward, if the petition was determined to be valid, the sale would be "null and void" and "like [it] never happened." (Bankr. Op. at 13.) Didonato submitted the only bid and, accordingly, the Referee announced that the property was, "sold to the bank, assuming this is a valid sale." (Bankr. Op. at 13.) Didonato gave the terms of sale and memorandum of sale to the Referee, but those papers were never signed, as the Referee later

---

1. On November 28, 2007, the Bankruptcy Court sent a notice of the bankruptcy petition to the Chapter 13 Trustee, Jeffery L. Sapir, the United States Trustee, the Sheriff of Dutchess County, and Ocwen.

2. Shapiro & DiCaro employed FIS Agency Sales & Posting ("FIS") for the purpose of hiring an agent to bid on behalf of HSBC at the foreclosure sale. FIS, in-turn, engaged Nationwide Court Service who ultimately arranged for Thomas Didonato to appear at the foreclosure sale and bid on behalf of HSBC.

determined that the bankruptcy petition was valid.

Two weeks later, the Debtor filed a letter with the bankruptcy court stating that she was "forced to withdraw [her] filing for protection under Bankruptcy Chapter 13 as HSBC Bank USA ... sold my house at public auction on 11/27/2007 at 10:00 A.M. ... [A]s this was my primary asset for which I was seeking protection, I see no need for me to continue with this proceeding." (Bankr. Op. at 3.)

In response, the bankruptcy court issued an order requiring HSBC to show cause why it should not be sanctioned for violating the automatic stay imposed by § 362 of the Bankruptcy Code. Subsequent to the evidentiary hearings on the order to show cause, the bankruptcy court found that HSBC had willfully violated the automatic stay. Based on that finding, it awarded Debtor actual damages of $66.88, which covered her out-of-pocket expenses related to the hearings, and $ 60,000 in punitive damages.

HSBC appealed to this Court, arguing that it did not violate the stay, and that even if it did, such violation was not willful. It further contends that the bankruptcy court failed to find facts sufficient to support its imposition of punitive damages.

## LEGAL STANDARD

█ On appeal, a district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de *novo*. *In re Manville Forest Prods. Corp.*, 209 F.3d 125, 128 (2d Cir.2000); Fed. R. Bankr.P. 8013. Punitive damages awards are reviewed for abuse of discretion. *In re Adomah*, 368 B.R. 134, 137 (S.D.N.Y.2007). An abuse of discretion involves reliance on an error of law, a clearly erroneous factual finding, or, more generally, a decision that exceeds "the range of permissible decisions." *In re Aquatic De-*

*velopment Group Inc.*, 352 F.3d 671, 678 (2d Cir.2003).

## DISCUSSION

Section 362 of the Bankruptcy Code imposes a stay of, among other things, efforts by creditors to collect or recover pre-petition debts from the debtor or the debtor's estate. The stay is automatic and is effective immediately upon the filing of a petition for relief under the Code. 11 U.S.C. § 362(a)(6). Specifically, the stay prohibits creditors from all "act[s] to obtain possession of the property of the estate." § 362(a)(3).

█ HSBC argues that it did not violate that proscription because the sale was never consummated and therefore its actions at the sale were more ministerial than possessory. The Court disagrees with that characterization. The record shows that HSBC's agent, DiDonato attended the sale and bid on the property. On those facts, the bankruptcy court had ample basis to conclude that HSBC's bid was an "act to obtain possession" of the property, and therefore was a violation of the automatic stay.

█ Where there are willful violations of the automatic stay provision, the Bankruptcy Code directs that actual damages be awarded to any individual injured by that violation. 11 U.S.C. § 362(k). Willfulness in this setting is understood as "any deliberate act taken in violation of a stay, which the violator knows to be in existence." *In re Crysen/Montenay Energy Corp.*, 902 F.2d 1098, 1105 (2d Cir. 1990). On that standard, whether HSBC willfully violated the stay turns on whether it had notice of the petition. It claims that it did not. The Court disagrees.

█ Whether Didonato (and, by proxy, HSBC) had notice of the petition was a

factual dispute resolved by the bankruptcy court during an evidentiary hearing. Though Mr. Didonato claimed that he did not remember the Referee's mention of the Debtor's bankruptcy petition filing, the bankruptcy court did not credit this testimony. (Bankr. Op. at 12–13.) Instead, the bankruptcy court credited the Referee's testimony, that he announced the petition, as well as the Debtor's husband's testimony, that he spoke directly to DiDonato and informed him of the bankruptcy filing. On that basis, the bankruptcy court found that DiDonato and therefore HSBC knew of the petition. This Court does not find the bankruptcy court's finding of fact in that regard, which were based on its credibility determinations, to be clearly erroneous.

To the extent that HSBC challenges the bankruptcy court's conclusion of law that HSBC's knowledge in those circumstances did not constitute "notice" as that term applies in § 362(k), this Court rejects that claim. HSBC points to § 342(g)(1), which provides that "[n]otice provided to a creditor by the debtor or the court other than in accordance with [section 342] shall not be effective notice until such notice is brought to the attention of such creditor." 11 U.S.C. § 342(g)(1). Based on that language, HSBC claims that the Referee's announcement and Mr. Crawford's verbal communication did not constitute "effective notice" of the petition.

The Court disagrees with that formalistic interpretation of notice in these circumstances. At a minimum, the record shows that the existence of a newly filed bankruptcy petition was "brought to the attention" of HSBC—the creditor—at the sale, making it "effective" at that time. Accordingly, the Court agrees with that bankruptcy court's conclusion that HSBC willfully violated the stay and therefore af-

firms its award of actual damages incurred as a result of that violation.

■ In addition to actual damages, § 362(k)(1) of the Bankruptcy Code provides for punitive damages "in appropriate circumstances." 11 U.S.C. § 362(k)(1). The Second Circuit has construed "appropriate circumstances" as instances of "maliciousness or bad faith." *Crysen/Montenay Energy Co.*, 902 F.2d at 1105. Before imposing punitive damages, therefore, a bankruptcy court must find as fact that a creditor acted with malice or in bad faith in violating a stay. *Id.*

■ The bankruptcy court here did not make that finding. In justifying its punitive award, the bankruptcy court referenced HSBC's institutional "indifference," as demonstrated by its decision to bid at the sale and to send its loan servicer, Ocwen, to the Order to Show Cause hearing (rather than an HSBC employee), as well as Didonato's lack of candor. (Bankr. Op. at 29.) The bankruptcy court also implied that punitive damages were deserved for HSBC's practice of using complicated "system[s] of agents and subagents" to bid at foreclosure sales. *Id.* None of these facts, however, amount to malice or bad faith as such conduct is understood in this Circuit. *See In re Adomah*, 368 B.R. 134, 139 (S.D.N.Y.2007) ("[E]ven callous disregard is an insufficient basis upon which to award punitive damages because it does not rise to the level of bad faith or maliciousness.") As such, the bankruptcy court abused its discretion in imposing punitive damages on those factual bases.

Accordingly the Court vacates the punitive damages award and remands it for a factual determination of whether HSBC acted with malice or bad faith. If on remand the bankruptcy court so finds, of course, any resulting award must also be consistent with the Due Process Clause of

the United States Constitution. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) (instructing courts to consider the reprehensibility of the wrongdoing; the disparity between the harm suffered and punitive damages award; and the difference between the punitive damage awarded in the case at hand and those in comparable cases in fashioning their damages awards).

## CONCLUSION

For the reasons stated, the decision of the bankruptcy court is affirmed in part and vacated and remanded in part. The case is remanded to the bankruptcy court for further proceedings consistent with this opinion.

**SO ORDERED.**